# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0617

_____

STATE OF FLORIDA,

    Appellant,

    v.

JAMES EARL GIBSON,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

July 3, 2024

WINOKUR, J.

James Earl Gibson was adjudicated guilty of violating the terms of his probation. At sentencing, Gibson moved the trial court for a downward departure sentence. The State objected, claiming that Gibson did not prove any ground for departure. The trial court agreed, but still granted Gibson's motion and departed from the lowest permissible sentence (LPS). We reverse.

Gibson pleaded guilty to three counts of failing to register as a sexual predator. He was sentenced to six months in community control, which was to be followed by twelve months of probation for count I. Gibson was also sentenced to eighteen months of probation for counts II and III, which ran concurrently with count I.

Six months into his probation, however, Gibson was charged with violating the terms of his probation. The trial court held a revocation hearing and concluded that Gibson willfully and substantially violated the terms of his probation. Later, at the sentencing hearing, Gibson—in support of his motion for a downward departure—presented the testimony of friends and neighbors, which characterized Gibson as a model citizen who helped those around him. Gibson also testified about his harsh childhood, the trauma of his father's suicide, and the abuse he suffered from his biological family. In closing, Gibson's counsel argued that Gibson suffered from childhood abuse, special learning disabilities, mental health issues, and substance abuse problems.

The State opposed Gibson's request for a downward departure, arguing that the facts of the case did not support any of the statutory grounds for a departure. The trial court agreed with the State but sentenced Gibson to 11 months and 30 days in county jail for each count, to run consecutively, followed by 48 months of probation—well below the 177.6 months in state prison LPS Gibson scored. The trial court provided no statutory or nonstatutory ground for the departure. The State appealed, arguing that the trial court's failure to provide a reason for its downward departure was erroneous. We agree.

"[A]bsent a valid reason for departure" a trial court should impose—at a minimum—the LPS. *See* § 921.0024(2), Fla. Stat. "A downward departure from the lowest permissible sentence . . . is prohibited unless there are circumstances or factors that reasonably justify the downward departure." § 921.0026(1), Fla. Stat. We review a trial court's determination to depart from the LPS for abuse of discretion. *See State v. Kunkemoeller*, 333 So. 3d 335, 338 (Fla. 1st DCA 2022). Here, the trial court did not simply fail to articulate what legal ground existed for the downward departure, it specifically found that there was not "an appropriate downward departure reason, nonstatutory or statutory, as justified by the records[,]" to depart from the LPS. As such, the imposition of a sentence below the LPS was erroneous.

Accordingly, the trial court's sentence is REVERSED and the case REMANDED for resentencing.

B.L. THOMAS and BILBREY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellant.

Jessica J. Yeary, Public Defender, and Jasmine Dixon, Assistant Public Defender, Tallahassee, for Appellee.